**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: September 30 2011**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 10-34733 |
| | ) | |
| Teshia D. Strauder, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION RE MOTION FOR RECONSIDERATION AND MOTION TO DISMISS

This case is before the court on the Chapter 13 Trustee's Motion for Reconsideration of Order of Dismissal [Doc. # 51] ("Trustee's Motion") and Debtor's Motion to Dismiss [Doc. # 48], as orally amended at a hearing held on June 21, 2011 ("Motion to Dismiss").

Debtor filed this Chapter 13 case on July 12, 2010. Her proposed plan was confirmed on February 3, 2011. [Doc. # 43]. Debtor filed her voluntary Motion to Dismiss on May 13, 2011. [Doc. # 48]. The Motion to Dismiss stated that Debtor could not continue her Chapter 13 case because she lost her employment. The prayer for relief in her Motion to Dismiss stated only that "the Debtor Teshia Strauder would request an order dismissing this case."

Where a case has not previously been converted from Chapter 7, § 1307(b) provides that "the court shall dismiss a case under this chapter." As this case had not been converted from Chapter 7, the court immediately granted Debtor's voluntary motion to dismiss by order entered on May 18, 2011. [Doc. # 49]. However, the order submitted by Debtor's counsel, and which the court signed, provided for the return of

any funds on hand to Debtor. [Doc. # 49]. This relief was not requested in the Motion to Dismiss as originally filed. The Trustee's Motion seeks to vacate the dismissal order to the extent that it directed return of funds to Debtor because he was not given fair notice of that requested relief and would have objected to it if he had been.

The Trustee's Motion does not state the procedural rule under which it is brought. The court construes it as a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure, which applies in this case under Rule 9023 of the Federal Rules of Bankruptcy Procedure. Rule 59(e) is silent about the standard or grounds for relief thereunder. Circumstances justifying Rule 59(e) relief generally include correcting clear legal error, newly discovered evidence, an intervening change in the law or a need to prevent manifest injustice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). The grounds for relief stated in the Trustee's Motion and at the hearing encompass legal error by the court and the need to prevent manifest injustice to creditors. The court agrees that the Trustee is entitled to reconsideration because he was not given any notice, let alone due or proper notice, that funds he had on hand in the case would be directed to be returned to Debtor. That portion of the order should not have been entered by the court because it exceeded the scope of relief requested in the motion to dismiss. The court will therefore grant the Trustee's Motion.

The court permitted Debtor to orally amend her motion to dismiss at the hearing on the Trustee's Motion to include a request to return the undistributed funds the Trustee had on hand to Debtor. *See* Fed. R. Bankr. P. 9013. The Trustee now opposes that request.

The court agrees with the Trustee that the funds he had on hand when the Motion to Dismiss was filed should not be returned to Debtor but should instead be distributed to creditors in accordance with her confirmed plan. Section 1326 of the Bankruptcy Code generally governs Chapter 13 plan payments. 11 U.S.C. § 1326. And § 1326(a)(2) specifically provides that "[i]f a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan...[i]f a plan is not confirmed, the trustee shall return payments not previously paid..." 11 U.S.C. § 1326(a)(2). Debtor's plan having been confirmed, § 1326(a)(2) thus plainly directs that funds paid to the Trustee be distributed to creditors in accordance with the confirmed plan. This provision of the statute is in turn implemented in the routine form of confirmation order entered in this court and as entered in this case on February 3, 2011. The final confirmation order for Debtor's plan states that "in the event of ...a dismissal...by the debtors [sic] pursuant to 11 U.S.C. Section 1307, all funds remaining in the hands of the Trustee at the time of dismissal...shall be paid to the Chapter 13 creditors pursuant to the terms of this confirmed plan." *See* 11 U.S.C. § 1327(a).

2

Debtor's request to have the funds on hand in the case at the time of dismissal returned to her is contrary to both the statute and the final plan confirmation order. No other legal or factual basis supporting the return of funds on hand to Debtor instead of distributing funds to creditors under the plan as required by the statute has been shown.[1] The court will therefore grant Debtor's Motion to Dismiss to the extent of dismissal of the case, but deny it to the extent she requests return of funds to her.

The court will enter a separate order in accordance with this memorandum of decision.

---

[1] The Trustee properly points out that there is case law not cited by Debtor that arguably supports her request to have funds on hand returned to her. None of those cases are binding authority on this court from either the United States Supreme Court or the United States Court of Appeals for the Sixth Circuit and they are not persuasive in any event; the court agrees with the Trustee's analysis that they are either wrongly decided or distinguishable.

3